HOWARD AUSTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Austin v. Commissioner
Docket No. 10286-75
United States Tax Court
T.C. Memo 1977-434; 1977 Tax Ct. Memo LEXIS 8; 36 T.C.M. (CCH) 1777; T.C.M. (RIA) 770434; December 27, 1977, Filed Andrew Egendorf, for petitioner. Daniel P. Ehrenreich, for respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Randolph F. Caldwell, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 5 of this Court. [1] The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. *9 OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $114 in petitioner's Federal income tax for 1973. The sole issue is whether a cash meals allowance of $730 paid to petitioner by Massachusetts Institute of Technology (MIT) during 1973 is includable in petitioner's gross income for that year, or whether the amount is excludable therefrom pursuant to the provisions of section 119 of the Internal Revenue Code of 1954. When the case was called for trial at Boston on September 26, 1977, it was submitted for decision on a full stipulation of facts. The stipulation and the exhibits attached thereto are incorporated herein by this reference.The pertinent facts are summarized below. Petitioner resided in Cambridge, Massachusetts, at the time the petition was filed in this case. He timely filed an individual Federal income return for 1973 on Short Form 1040A. During 1973 the petitioner was a graduate student at MIT, and he was also a research assistant in a laboratory at that school. In addition, he was also employed in a laboratory at MIT, for which he was paid wages which he reported on his *10 1973 return. During that year the petitioner also acted as a dormitory tutor in Baker House, one of the undergraduate dormitories at MIT. Under the terms of his position as a dormitory tutor, petitioner was required to eat as many meals as possible with the students to whom he was tutor. A room in the dormitory was provided to petitioner by MIT free of charge. The value of that room is exempt from tax pursuant to section 119, and is not at issue in this case. MIT has undergraduate dormitories which contain dining facilities, and Baker House was such a dormitory. The school also has undergraduate dormitories which do not contain dining facilities. Dormitory tutors hired by MIT to serve in undergraduate dormitories with dining facilities were required by MIT to take their meals with the undergraduate residents of the dormitory, so-called "commons" meals. Dormitory tutors hired by MIT to serve in dormitories without dining facilities were paid a meals allowance in lieu of commons meals. This allowance was $730 during 1973 coverng the Spring and Fall semesters, or $365 per semester. Petitioner, who was residing in Baker House (which had dining facilities), generally would *11 have been required to take his meals in kind there with the undergraduate residents. In petitioner's case, however, an exception was made to MIT through its faculty advisor, Noffe Toksoz, to allow petitioner to be paid the meals allowance rather than taking his meals in kind in the dormitory. This exception was made due to the fact that petitioner was deeply involved in doing research in another building on the MIT campus at some distance from Baker House and was unable to be at the dormitory for all meals. Petitioner further had an agreement with MIT that he would be allowed to purchase individual meals at the dining facility in Baker House and that he would dine there as often as possible. The record does not establish what, if any, meals were taken by petitioner at Baker House. Petitioner did not report the above-mentioned $730 meals allowance paid to him by MIT on his 1973 return.Upon audit the respondent determined that it was includable. Since the submission of this case, the Supreme Court has issued its opinion in the case of Commissioner v. Kowalski,     U.S.     (November 29, 1977), wherein it was held that cash meals allowances paid to a New Jersey State trooper *12 were income, and that they were not excludable under section 119. In our view, Kowalski is fatal to petitioner's position in the present case. The thrust of his position is that "there is no difference, for purposes of section 119, whether 'meals' are furnished in kind, or by payment of the cost of purchasing them". That position was advanced by the taxpayer in Kowalski, and it was rejected by the Supreme Court. Accordingly, in reliance upon the Supreme Court's opinion in Kowalski, the issue presented for decision here must be decided for the respondent and against the petitioner. Decision will be entered for respondent. Footnotes
1. Pursuant to General Order No. 5 dated October 1, 1976, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.